IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN H. CARNEY & ASSOCIATES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2702-L |
| | § | |
| **STATE FARM LLOYDS**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed January 3, 2005. After careful consideration of the motion, response, record, appendix[*] and applicable law, the court **denies** Plaintiff's Motion to Remand.

**I. Background and Nature of Lawsuit**

Plaintiff John H. Carney & Associates ("Plaintiff" or "Carney") filed this action against State Farm Lloyds ("Defendant" or "State Farm") in County Court at Law No. 1, Dallas County, Texas on April 5, 2004. Plaintiff filed its First Amended Petition on November 30, 2004. On December 22, 2004, State Farm removed the action to federal court on the basis that diversity of citizenship existed between the parties and the amount in controversy, exclusive of interest and costs, exceeded $75,000.

This action involves a dispute over attorney's fees among Vanessa Daniels ("Daniels"), David Gibson ("Gibson"), and Plaintiff. Daniels hired Plaintiff to represent her in a claim for mold damage against State Farm. Daniels later discharged Plaintiff and retained Gibson as her attorney.

---

[*]Plaintiff John H. Carney & Associates did not file a reply to Defendant State Farm Lloyds' response, or an appendix to its motion.

**Memorandum Opinion and Order - Page 1**

According to Plaintiff, it notified State Farm that it retained a lien on the proceeds of the settlement for its attorney's fees.  State Farm settled a portion of Daniels's claim after she had employed Gibson as her attorney, and, at her request, did not include Plaintiff as a payee on any settlement checks.  Plaintiff then sued State Farm under the theory that it could ratify the settlement between Daniels and State Farm and collect its attorney's fees from State Farm for settling with Daniels after it had become aware of the lien.

Plaintiff contends that Defendant circumvented the lien granted to Plaintiff by its client, Daniels, and paid insurance proceeds around the lien in contravention of its rights.  According to Plaintiff, it had continued to represent Daniels in pursuit of this matter until she terminated Plaintiff at the behest of Gibson.  Plaintiff also contends that, despite express knowledge of the assignment by Daniels and State Farm of an interest in the claim to Plaintiff, Defendant settled all, or a significant portion, of Daniels's claim without regard to Plaintiff's lien claim and the assigned interest.  Plaintiff further contends that since Defendant had knowledge that it had been granted an interest in the suit and settled the case without recognizing the attorney's interest, Plaintiff may (1) prosecute the suit against State Farm in its own name or Plaintiff's name, prove liability and damages owed by State Farm to Plaintiff, and recover its proportionate share from the judgment; (2) sue the client for its share of the sum paid in settlement; or (3) ratify the settlement agreement between Plaintiff and Defendant, without the necessity of proving liability and damages in the underlying tort suit, by seeking to recover only its proportionate share of the settlement funds. Plaintiff elects to ratify the settlement and seek recovery from State Farm.

State Farm contends that it has no liability to Plaintiff for payment under any legal theory because: (1) Daniels terminated her professional services relationship with Plaintiff; (2) there was

**Memorandum Opinion and Order - Page 2**

no provision in the Daniels-John H. Carney & Associates contract for payment of fees and expenses after the termination; (3) State Farm had no legal or contractual relationship with Plaintiff requiring payment of attorney's fees; (4) State Farm was not a guarantor of the Daniels-John H. Carney & Associates contract; (5) State Farm did not have notice of any legal assignment of interest regarding the Daniels claims; (6) State Farm did not warrant to Plaintiff that any payment would be issued to it; (7) State Farm made payment of the Daniels claims consistent with its contractual obligations to its insured; and (8) it would be against public policy to compel State Farm to be subjected to double payment of claims inconsistent with its contractual obligations to its insured.

## II. Plaintiff's Motion to Remand

### A. Contentions of the Parties

#### 1. Plaintiff's Contentions

Carney contends that this lawsuit should be remanded because (1) it does not involve a federal question; (2) the parties are not diverse; (3) State Farm failed to file its notice of removal within thirty days after it was served and received notice of Plaintiff's lawsuit; and (4) State Farm sought affirmative relief from the state court, thereby waiving its right to removal. Plaintiff urges the court to remand this action to state court.

#### 2. Defendant's Contentions

State Farm contends that Carney's motion is not supported by sufficient evidence with respect to its allegations regarding State Farm's citizenship, the timeliness of the removal of the action to federal court, and affirmative relief sought by State Farm in state court. State Farm asserts that it is not invoking federal question jurisdiction as a basis for removing this case to federal court. Defendant urges the court to deny the motion to remand to state court.

**Memorandum Opinion and Order - Page 3**

### III. Standard for Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a court does not have subject matter jurisdiction, it lacks the power to adjudicate claims and must dismiss the action. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("subject-matter delineations must be policed by the courts of their own initiative even at the highest level"); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases when the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists. 28 U.S.C. §§ 1331, 1332. Defendant asserts jurisdiction under 28 U.S.C. § 1332, contending that diversity of citizenship exists and that the amount in controversy exceeds $75,000. Diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003), *cert. denied*, 541 U.S.1073 (2004) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). "The burden of establishing subject matter jurisdiction in federal court

rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

### IV. Analysis

#### A. Federal Question Jurisdiction

State Farm is correct: it has not asserted a federal question as a basis for removal. Accordingly, Carney's contention that no federal question is raised by the pleadings or asserted by State Farm in its notice of removal is of no moment and will not be addressed by the court.

#### B. Diversity of Citizenship

Carney contends that this is a "direct action" lawsuit and relies on 28 U.S.C. § 1332(c)(1) to support his argument that State Farm is a citizen of Texas, the same state of which Vanessa Daniels is a citizen. This would destroy diversity because Carney is a citizen of Texas. The statute provides:

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business . . . .

*Id*. This action simply is not a "direct action," and this provision is not applicable to this case.

The legislative history regarding the "direct action" provision is quite illustrative and aptly stated by the Supreme Court:

> Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of Federal District Courts in Louisiana resulting largely from that State's adoption of a direct action statute[.] The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant. Its effect was to create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State. Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly *against* a foreign insurance carrier without joining the local tortfeasor as a defendant[.]"

*Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989)(citations omitted) (original emphasis). This lawsuit does not involve tort claims or tortfeasors. The action brought by Plaintiff is strictly a contractual claim. Indeed, the case on which Plaintiff relies to support this action, *Honeycutt v. Billingsley*, 992 S.W.2d 570 (Tex. App. – Houston [1st Dist.] 1999, pet. denied), is based on a contract. From the plain and unequivocal language cited by the Supreme Court, this court has no doubt that the proviso is to apply to tort actions. This court declines Plaintiff's invitation to apply it in a contract case. Accordingly, Carney may not use this proviso to assert that State Farm is a citizen of Texas to defeat federal jurisdiction.

Second, the "direct action" proviso does not apply, as Texas is not a "direct action" state. *See Nelms v. State Farm Mutual Automobile Ins. Co.*, 463 F.2d 1190, 1191-92 (5th Cir. 1972); *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 629 (Tex. App. – Austin 2002, no pet.) (citing *Penny v. Powell*, 347 S.W.2d 601, 603 (Tex. 1961)). Accordingly, Plaintiff cannot use this proviso to assert that State Farm is a citizen of the State of Texas – the citizenship of Daniels, the insured.

**Memorandum Opinion and Order - Page 6**

### C. Timeliness of Removal

Carney contends that the removal of this case was not timely because it was removed more than 30 days after service and receipt of notice by State Farm. State Farm contends that its removal was timely because it removed the action within 30 days of November 30, 2004, the date Carney filed its First Amended Petition and on which it became ascertainable that the case was removable. The applicable statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The issue that the court must determine is whether the removal clock began to run on April 16, 2004, the date State Farm was served with citation and a copy of Plaintiff's Original Petition; or on November 30, 2004, the date Carney filed its First Amended Petition and served State Farm with a copy of the amended petition.

On May 7, 2004, State Farm filed its Special Exceptions, Original Answer, Verified and Specific Denials. A hearing was set on the special exceptions for November 19, 2004. One of the special exceptions asserted by State Farm was that Plaintiff's Original Petition did not "specify a maximum amount of damages claimed." *Id*. at 1. The county court judge sustained the special

**Memorandum Opinion and Order - Page 7**

exception and ordered Carney to replead and state a maximum amount of damages sought. In response to the court's order, Carney repleaded as ordered, filed its First Amended Petition, and stated that it sought to recover "an amount not greater than $150,000." Plaintiff's First Amended Petition at 6.

Removal of a case to federal court is proper if it is "facially apparent" from the complaint (petition, in this case) that the claim or claims asserted by a plaintiff exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995). Plaintiff's Original Petition is silent as to the amount in controversy, except to the extent that it states "the amount in controversy exceeds the minimum jurisdictional limit of the Court." Plaintiff's Original Petition ¶ 4 at 1. From Plaintiff's Original Petition, it is not "facially apparent" that the amount in controversy exceeds $75,000. Whether the amount in controversy exceeded the jurisdictional threshold of a federal district court was not apparent until Plaintiff repleaded on November 30, 2004, and stated that his claim for damages could be as high as $150,000. This date started the removal clock. As State Farm filed its notice of removal on December 22, 2004, it was filed within 30 days (November 30, 2004) from which it could be ascertained that the case was removable. Accordingly, the removal to federal court was timely.

### D.  Waiver of Removal because of Request for Affirmative Relief

Carney contends that State Farm waived its right to remove to federal court because it requested affirmative relief from the state court. Specifically, Plaintiff contends that the affirmative relief consisted of fees and costs requested, and the assertion of novation and accord and satisfaction as affirmative defenses to any liability on its part. State Farm counters that no waiver occurred on its part because it did not seek affirmative relief from the state court. According to State Farm,

**Memorandum Opinion and Order - Page 8**

novation and accord and satisfaction are affirmative defenses, not pleas for affirmative relief; and the costs and fees it sought do not qualify as a plea for affirmative relief and are no more than a standard request for costs that is routinely included in a prayer.

Carney relies on *Johnson v. Heublein, Inc.*, 227 F.3d 236 (5th Cir. 2000), and *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986), to support his argument that State Farm sought affirmative relief. A defendant can waive the right to remove to federal court if it "proceed[s] to defend the action in state court or otherwise invoke[s] the processes of that court." *Brown*, 792 F.2d at 481. "The waiver must be clear and indicate a specific, positive intent to proceed in state court." *Jacko v. Thorn Americas, Inc.*, 121 F.Supp. 2d 574, 576 (E.D. Tex. 2000) (citation omitted).

The court determines that no waiver has occurred. The cases relied on by Carney, *Johnson* and *Brown*, are distinguishable. In *Johnson*, the defendants filed both motions to dismiss and for summary judgment in the state court. *Johnson*, 227 F.3d at 244. A motion for summary judgment is a dispositive motion that seeks a dismissal of a case on the merits. The filing of a summary judgment motion thus expresses a "specific, positive intent" to invoke the state court's jurisdiction. In this case, State Farm did not file any dispositive motions. In *Brown*, the defendants actively defended the action for four years and "filed answers, amended answers, motions of various kinds, third party demands, cross claims, amended cross claims, and participated in discovery and depositions." *Brown*, 792 F.2d at 481. In this case, we do not have the level of activity in *Brown*, which clearly indicated that the defendants desired to submit to the state court's jurisdiction. Here, State Farm filed, as one document, an answer, some special exceptions, some verified and specific denials, and some affirmative defenses. The court views these matters as those necessary to "preserve the status quo." *Jacko*, 121 F.Supp.2d at 576. Indeed, the ruling on the special exceptions

and the filing of Plaintiff's amended petition are what determined whether the action was removable. The court does not believe the law to be so draconian that a litigant is put in the unfortunate position of losing a right before he or she has had an opportunity to exercise it. As aptly and cogently stated by Judge Richard Schell, "Any actions taken in state court before it became ascertainable that the case was removable cannot logically be indicative of a decision by the Defendants to continue in state court rather than federal court." *Hydro-Action, Inc. v. James*, 233 F.Supp.2d 836, 840 (E.D. Tex. 2002).

Second, the court is not persuaded by Carney's argument that affirmative defenses and a request for costs and fees in a prayer constitute requests for affirmative relief. An affirmative defense by definition does not seek affirmative relief. When one pleads an affirmative defense, he or she sets forth facts or arguments which, if true, will defeat a plaintiff's claim, even though all matters alleged by the plaintiff in a complaint or petition are true. In other words, an affirmative defense sets forth "an independent reason why the plaintiff should not recover." *Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996) (citation omitted). Accordingly, State Farm's affirmative defenses novation and accord and satisfaction do not seek affirmative relief. With respect to the request for "fees and costs," the court notes that such language or similar language is used in virtually every responsive pleading filed by attorneys. In fact, except for *pro se* responsive pleadings, the court routinely sees this language or similar language in the prayers of responsive pleadings. The court determines that the use of the words "costs and fees" in the prayer of a responsive pleading is simply too slender of a reed to serve as a basis for concluding that State Farm has sought affirmative relief, waived its right to remove, and thereby submitted to the jurisdiction of the state court.

## V.  Conclusion

For the reasons stated herein, there are no jurisdictional or procedural defects with respect to State Farm's Notice of Removal. Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 17th day of June, 2005.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge